# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FLORIDA MEDIA, INC.,**

        **Plaintiff,**

**-vs-**                                    **Case No.  6:06-cv-72-Orl-19JGG**

**WORLD PUBLICATIONS, LLC,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **EMERGENCY MOTION TO QUASH SUBPOENAS (Doc. No. 25)** |
| **FILED:** | **August 10, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant moves to quash an unknown number of subpoenas issued by Plaintiff's counsel, Ometrias Long, to non-parties seeking pre-trial discovery.[1]  Docket 25.  Long failed to serve copies of the subpoenas on defense counsel and, when defense counsel contacted him about the subpoenas, he refused to provide defense counsel with even a listing of who had been subpoened.  Long similarly refused to withdraw the subpoenas, contending that the subpoenas had not been served since they were only mailed to the non-parties.  For the reasons set forth below, the motion to quash is granted.

---

[1] Defense counsel alleges that Plaintiff served approximately 80 subpoenas on non-parties who advertise with Defendant.

I.      **THE LAW**

The issuance and service of subpoenas is governed by Fed. R. Civ. P. 45.  Rule 45(a)(3) permits attorneys as officers of the court to issue and sign subpoenas on behalf of the court in which the attorney is authorized to practice.  In issuing a subpoena, an attorney is invoking the court's power to require a non-party to produce documents.  A subpoena is a formal method of discovery, and a party using a subpoena must comply with the notice requirements of Rule 45.  Specifically, Rule 45(b)(1) requires "prior notice of any commanded production of documents or things or inspection of premises before trial *shall be served on each party* in the manner prescribed by Rule 5(b)."  (Emphasis added.)

The United States Court of Appeals for the Eleventh Circuit has not interpreted "prior notice" under Rule 45(b)(1).  Other circuits, however, interpret "prior notice" to mean that notice must be given prior to service rather then prior to production.  *See, Butler v. Biocore  Med. Tech., Inc.*, 348 F.3d 1163, 1173 (10th 2003).  The purpose of the "prior notice" provision is to give an opposing party the opportunity to object to the subpoena prior to the date set forth in the subpoena.  *Id*.  See also Fed. R. Civ. P. 45(c)(2)(B) ("If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.").  For an objection to be reasonably possible, notice "must be given well in advance of the production date." *Butler*, 348 F.3d at 1173.  This Court rules that "prior notice" to other parties is satisfied when notice is given simultaneously with the service of the subpoena.

Service of a subpoena upon the person named is made by "delivering a copy thereof to such person."  Fed. R. Civ. P. 45(b)(1).  There is a split among the circuits whether "delivery" of the subpoena requires personal delivery. *See, e.g., FTC v. Compagnie De Saint-Gobain-Pont-A-Mousson*,

636 F.2d 1300, 1312-13 (D.C. Cir.1980) (holding that rule does not permit any form of mail service and that compulsory process may be served upon an unwilling witness only in person); *Firefighter's Institute for Racial Equality ex rel. Anderson v. City of St. Louis,* 220 F.3d 898, 903 (8th Cir. 2000) (interpreting Rule 45(b)(1) to allow service by other than personal delivery if it is a method that ensures the subpoena is placed in the actual possession or control of the person served).  The Eleventh Circuit has not yet ruled on this issue.  Service by regular mail, however, is almost always rejected as an effective means of serving subpoenas and courts will quash a subpoena on that basis alone.  *See, City of St. Louis*, 220 F.3d at 903.

II.     **ANALYSIS**

In this case, Plaintiff's counsel used his authority as an officer of this Court to issue subpoenas to approximately 80 non-parties.  The Court need not resolve at this time the effectiveness of service by mail.  Service of a subpoena by mail, however, has no effect upon the party's obligation to notify opposing counsel.     Plaintiff was obligated to give prior notice to Defendant by serving opposing counsel with the subpoenas.  He failed to do so, and his subpoenas are void and unenforceable.

   **IT IS THEREFORE ORDERED THAT**:

   1.     Defendant's motion to quash is granted.  All subpoenas for which Plaintiff failed to give prior notice to opposing counsel are quashed.

   2.     Long shall immediately serve defense counsel with copies of all subpoenas issued and served.  In the future, all subpoenas shall be simultaneously (or earlier) served upon opposing counsel, and shall include a certificate of service upon opposing counsel.

3.      Long shall immediately notify each non-party that the subpoena has been quashed and that they are not to send the requested documents at this time.  Long's notice to the non-parties shall be in two forms: (a) by mailing a copy of this Order to each subpoenaed party, with proof of service to defense counsel; and (b) by telephone.

4.      To the extent that Plaintiff's counsel (including Terry Marcus Sanks and any staff in Sanks' or Long's office) already has received documents from non-parties in response to the subpoenas, further action is required.  If Plaintiff's counsel already has received documents that they have not yet reviewed, they are to return the documents (and all copies that may have been made) to the non-party with a copy of this Order.  If they have reviewed the documents, they are to immediately provide a copy of the documents to defense counsel.  Defense counsel may be required to reimburse Plaintiff's counsel for the reasonable cost of the copies.

5.      After entry of this Order, if any non-party mails documents to Plaintiff's counsel in response to the subpoena, Plaintiff's counsel is not to view the documents and is to return the documents immediately to the non-party.

**DONE** and **ORDERED** in Orlando, Florida on August 11, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE